IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL C. BLOCKER,

    Petitioner,               No. CIV S-09-0883 KJM P

    vs.

M. MARTELL,

    Respondent.           ORDER AND

                              /        FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss in which respondent asserts that petitioner has failed to exhaust state court remedies.

I. Exhaustion Standards

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to

1

1  support the federal claim were before the state courts . . . or that a somewhat similar state-law

2  claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).

II. Background on Claims Presented to State Court

Petitioner raised only one claim[1] before the California Supreme Court:

> Petitioner's federal and state constitutional rights under the Eighth and Fourteenth Amendments . . . were violated when he was denied his statutory PC § 190 credits against his minimum term: breaching his plea agreement, which petitioner seeks specific performance based on his 2007 parole suitability denial.

Resp't's Mem. P. & A. in Supp. Mot. to Dismiss, Ex. A at 3. To the extent petitioner attempted to incorporate other claims into his California Supreme Court habeas petition by simply referring to other state habeas petitions, such claims were not "fairly presented" to the California Supreme Court and therefore the court cannot deem state court remedies as to any other claims exhausted. See id. ("supporting facts" section includes references to multiple appendices); see also Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document)"); Hill v. Giurbino, Case No. 06-CV-1769 LAB (RBB), 2007 WL 2781174, at *11 (S.D. Cal. 2007)

---

[1] The court does not construe the claim identified as "ground 2" in petitioner's California Supreme Court petition as a claim at all. Rather, it appears to be background information for the California Supreme Court regarding the decision rendered on a habeas petition filed in the Superior Court.

(petitioner who did not present substance of claims to highest state court but merely referred court to his lower court habeas petitions did not exhaust state court remedies).

III.  Analysis of Federal Claims

The claim raised by petitioner in his California Supreme Court petition is essentially the same as claim one made in this court. Pet. at 8.[2] Petitioner's second claim before this court reads as follows:

> Petitioner is entitled to parole release because he has served over his fifteen year minimum term and over his maximum BPH regulatory matrix of twenty years for second degree murder, and the 2007 BPH parole denial failed to make a link (nexus) between that denial and petitioner's current threat risk to public safety if paroled.

Id. To the extent claim two raises claims different than those raised in claim one, the claims are not exhausted.

Respondent argues that despite the fact that petitioner presented claim one to the California Supreme Court, he has not exhausted state court remedies with respect to that claim. Resp't's Mem. P. & A. in Supp. Mot. to Dismiss at 2-3. In denying petitioner's habeas petition, the California Supreme Court cited People v. Duvall, 9 Cal. 4th 464, 474 (1995). Pet., Ex. A. Duvall stands for the proposition that habeas petitioners in California must "state fully and with particularity the facts on which relief is sought," and "include copies of reasonably available documentary evidence supporting the claim." Duvall, 9 Cal. 4th at 474.

Generally speaking, a denial by the California Supreme Court with a citation to Duvall is without prejudice because the deficiency can be cured in a subsequent state petition. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). If a denial by the California Supreme Court is without prejudice, then state court remedies have not been exhausted with respect to subsequent claims made in federal court presented because state court remedies are

---

[2] Page references to the petition are to those assigned by the court's CM/ECF system.

3

still available. Id. Unless this court can excuse petitioner's failure to exhaust state court remedies, this action must be dismissed.

There are two situations in which this court can excuse failure to exhaust:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless is appears that–
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i)  there is an absence of available state corrective process;  or
>
>   (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Because California provides petitioner with a "state corrective process," 28 U.S.C. § 2254(b)(1)(B)(i) does not excuse petitioner's failure to exhaust here. Thus, the court can only excuse petitioner's failure to exhaust if circumstances exist that render the state process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). It is petitioner's burden to show that the § 2254(b)(1)(B)(ii) exception applies. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (habeas petitioner's burden to show exhaustion of state court remedies); see also Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Olson v. McKune, 9 F.3d 95 (10th Cir. 1993).

It appears the court could find the state process ineffective to protect petitioner's rights if it found the California Supreme Court's decision, that petitioner had not stated his claim with particularity, rested on an "overly sophisticated technicalit[y]." Patterson v. Leeke, 556 F.2d 1168, 1170 (4th Cir. 1977). Petitioner, however, failed to cite any facts in support of the claim in his California petition. Rather, he simply directed the reader to approximately 80 pages of exhibits, including habeas petitions filed in lower courts. Nothing before the court suggests that California's habeas corpus process was rendered ineffective to protect petitioner's rights.

1  Cf. Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009).

2        The court thus will recommend that petitioner's application for writ of habeas
3  corpus be dismissed in its entirety for failure to exhaust available state court remedies.

4        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a
5  district court judge to this case.

6        IT IS HEREBY RECOMMENDED that:

7        1. Respondent's motion to dismiss (#11) be granted; and

8        2. Petitioner's application for a writ of habeas corpus be dismissed for failure to
9  exhaust state court remedies.

10       These findings and recommendations will be submitted to the United States
11 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
12 twenty-one days after being served with these findings and recommendations, either party may
13 file written objections.  The document should be captioned "Objections to Findings and
14 Recommendations."  Any reply to the objections shall be served and filed within fourteen days
15 after service of the objections.  The parties are advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).

18 DATED:  May 4, 2010.

_____
U.S. MAGISTRATE JUDGE

1/ber
bloc0883.57.wpd